# Exhibit A

Case 1:22-cv-02171-CAP   Document 1-1   Filed 05/31/22   Page 2 of 12

State Court of Fulton County
**E-FILED**
22EV002462
4/21/2022 6:36 PM
Christopher G. Scott, Clerk
Civil Division

**GEORGIA, FULTON COUNTY**

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
   Civil Division

CIVIL ACTION FILE #: _____

_____
_____
_____
Plaintiff's Name, Address, City, State, Zip Code

vs.

_____
_____
_____
Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [X] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [X] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

**SUMMONS**

TO THE ABOVE NAMED-DEFENDANT:

   You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: _____

Address: _____

City, State, Zip Code: _____   Phone No.:_____

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Christopher G. Scott, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*
 Served, this _____ day of _____, 20_____.         _____
                                                                   DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____
This _____ day of _____, 20_____.     _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

Case 1:22-cv-02171-CAP   Document 1-1   Filed 05/31/22   Page 3 of 12

State Court of Fulton County
**E-FILED**
22EV002462
4/21/2022 6:36 PM
Christopher G. Scott, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| KATRINA HARBERT, ) <br> ) <br>    Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JAMES BOONE TRUCKING, INC. d/b/a ) <br> SEMINOLE EXPRESS ) <br> ) <br> ) <br> ) <br>    Defendant. ) | Civil Action <br> File No. _____ <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW Plaintiff Katrina Harbert, by and through her attorneys, and files this Complaint against the above-named Defendant, respectfully showing the Court and Jury as follows:

## PARTIES

1.

Plaintiff Katrina Harbert is an adult resident citizen of the State of Georgia.

2.

Defendant JAMES BOONE TRUCKING, INC. d/b/a SEMINOLE EXPRESS (hereinafter "Seminole") is a domestic profit corporation registered with the Alabama Secretary of State. Its principal office address is 32585 US Hwy 90 Seminole, AL 36574. Defendant Seminole, may be served with process through its registered agent, James M. Boone, at 19434 East Dr. Seminole, AL 36574.

3.

Defendant Seminole is an interstate motor common carrier, motor contract carrier and/or

1

motor carrier of property, operating and conducting business in and on the roads of the State of Georgia.

4.

At all relevant times, Scott Whitaker (hereinafter "Whitaker") was an employee and/or agent of Seminole and was acting within the course and scope of his employment.

5.

Defendant Seminole is vicariously liable for the acts and omissions of Whitaker as set forth herein.

6.

This Court has jurisdiction over the parties to this action.

7.

This Court has jurisdiction over the subject matter of this action.

8.

Venue is proper in this Court pursuant to O.C.G.A. §§ 9-10-91 and 9-10-31.

9.

Defendant has been properly served with process in this action.

**FACTS**

10.

Plaintiff hereby incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

11.

On or about November 29, 2020, Seminole provided its driver and employee/agent, Whitaker, with a 2016 Freightliner tractor-trailer to drive in furtherance of its commercial

business.

12.

In the alternative, on or about November 29, 2020, Whitaker utilized his 2016 Freightliner tractor-trailer in furtherance of Seminole's commercial business as Seminole's employee/agent.

13.

On November 29, 2020 and at all times relevant, Whitaker was an employee/agent of Seminole.

14.

On November 29, 2020 at approximately 7:10 p.m., Whitaker was traveling north on I-85 in Fulton County, Georgia.

15.

At that time, Plaintiff was driving her 2003 Toyota Corolla north on I-85.

16.

At or about the same time, Armanni Johnson was driving a 2020 Toyota Camry going north on I-85.

17.

At all times relevant hereto, Whitaker was driving the 2016 Freightliner tractor-Trailer in the course and scope of his employment and/or agency with Seminole.

18.

Plaintiff and Armanni Johnson came to a stop on the roadway as traffic ahead of them had come to a stop.

19.

Whitaker was driving too fast for conditions and followed too closely behind Armanni Johnson and Katrina Harbert and struck their vehicles.

20.

At all relevant times, Whitaker was operating the commercial vehicle in a negligent and reckless manner.

21.

Plaintiff did not contribute to the incident in any manner.

22.

As a direct and proximate result of Whitaker's negligent and wrongful conduct, for which Defendant Seminole is vicariously liable, as well as Seminole's own independent acts of negligence, Plaintiff sustained serious and permanent physical injuries; physical and mental pain and suffering; and has incurred past medical expenses, to date in the amount of $44,979.00, and will continue to incur medical expenses, lost wages and out of pocket expenses.

**COUNT I – NEGLIGENCE AND VICARIOUS LIABILITY OF DEFENDANT SEMINOLE**

23.

Plaintiff hereby incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

24.

Whitaker owed Plaintiff a duty to exercise ordinary care in operation of the commercial vehicle.

25.

Whitaker breached the duty he owed to exercise ordinary care in operating the

commercial vehicle and was negligent.

26.

Whitaker drove too fast for the conditions and followed too closely and struck Plaintiff's vehicle

27.

In the alternative, Whitaker drove too fast for the conditions, followed too closely and struck Armanni Johnson's vehicle, causing it to strike Plaintiff's vehicle thereby causing the subject collision.

28.

Whitaker's negligence included, but is not limited to, one or more of the following:

(a) Negligently failing to operate his vehicle with due care (in violation of O.C.G.A. § 40-6-241);

(b) Negligently failing to keep a proper lookout;

(c) Negligently failing to maintain his vehicle under proper control; and/or

(d) Negligently driving too fast for the conditions (in violation of O.C.G.A § 40-6-180);

(e) Negligently following too closely (in violation of O.C.G.A § 40-6-49).

29.

Whitaker was otherwise negligent.

30.

Whitaker was negligent *per se*.

31.

At all times relevant, Whitaker was an employee and/or agent of Seminole.

32.

At all times relevant, Whitaker was acting in the course and scope of his employment and/or agency with Seminole.

33.

Whitaker's trip at the time of the subject collision was taken in the course and scope of his employment/agency with Seminole.

34.

Whitaker was acting in the course and scope of his employment/agency with Seminole at the time of the subject collision.

35.

Seminole is vicariously liable for any negligence on the part of Whitaker while acting in the course and scope of his employment/agency.

36.

Seminole is vicariously liable for the acts and omissions of Whitaker under the doctrine of *respondeat superior* and/or the principles of agency.

37.

As a direct and proximate result of Seminole's negligent and wrongful conduct, including but not limited to its vicarious liability for the negligence and wrongful conduct of Whitaker as set forth herein, Plaintiff sustained serious and permanent physical injuries; physical and mental pain and suffering; and has incurred past medical expenses, to date in the amount of $44,979.00, and will continue to incur medical expenses, lost wages and out of pocket expenses.

## **COUNT II – DIRECT NEGLIGENCE OF DEFENDANT SEMINOLE**

38.

Plaintiff hereby incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

39.

Seminole is vicariously liable for the negligent acts and omissions of its employee and/or agent, Whitaker.

40.

Seminole had a duty to exercise ordinary care in the hiring, selection, training and retention of its employees and not to hire or retain them after knowledge of incompetency.

41.

On information and belief, Seminole negligently hired, trained and/or retained Whitaker.

42.

Seminole knew or should have known that Whitaker was not competent to operate the vehicle at issue.

43.

Seminole had a duty to exercise ordinary care in entrusting its vehicles to drivers and not to entrust a vehicle to someone incompetent or unfit to drive the vehicle safely.

44.

On information and belief, Seminole negligently entrusted Whitaker with the commercial vehicle at issue.

45.

Seminole had a duty to exercise ordinary care in allowing Whitaker to operate the tractor-

trailer on behalf of Seminole's business and breached said duty.

46.

Seminole had a duty to properly train its drivers, including Whitaker, in the operation of commercial vehicles on behalf of Seminole's business.

47.

On information and belief, Seminole negligently trained Whitaker in the use of the commercial vehicle at issue.

48.

Seminole negligently failed to implement and utilize proper procedures to evaluate and determine Whitaker's driving skills, driving history, behavior and habits and his ability to safely operate vehicles, including the subject vehicle.

49.

Seminole was otherwise negligent.

50.

Seminole was negligent *per se*.

51.

As a direct and proximate result of Seminole's negligent and wrongful conduct as set forth herein, Plaintiff sustained serious and permanent physical injuries; physical and mental pain and suffering; and has incurred past medical expenses to date in the amount of $44,979.00 and will continue to incur medical expenses, lost wages and out of pocket expenses.

## COUNT III - DAMAGES

52.

Plaintiff hereby incorporates by reference the allegations contained in the paragraphs

above as if fully set forth herein.

53.

As a direct and proximate result of Seminole's negligent and wrongful conduct as set forth herein, Plaintiff sustained serious and permanent physical injuries.

54.

As a direct and proximate result of Seminole's negligent and wrongful conduct as set forth herein, Plaintiff has endured and will continue to endure physical and emotional pain and suffering in an amount determined by the enlightened conscience of the jury.

55.

As a direct and proximate result of Seminole's negligent and wrongful conduct as set forth herein, Plaintiff sustained serious and permanent physical injuries; physical and mental pain and suffering; and has incurred past medical expenses to date in the amount of $44,979.00 and will continue to incur medical expenses, lost wages and out of pocket expenses.

**COUNT IV - ATTORNEY FEES**

56.

Plaintiff hereby incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

57.

Because Defendant's actions evidence a species of bad faith, were and are stubbornly litigious, and have caused Plaintiff undue expense, Plaintiff is entitled to recover necessary expenses of litigation, including an award of reasonable attorneys' fees and expenses required by this action pursuant to O.C.G.A. § 13-6-11, as well as any other statutory or common law basis.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a judgment of and from Defendant and prays for the following relief:

(a) That summons issue requiring Defendant to appear as provided by law to answer this Complaint;

(b) That Defendant be timely served with process;

(c) That Plaintiff have a trial by jury on all issues and claims;

(d) That Plaintiff recover damages and all other expenses as permitted under Georgia law;

(e) That all costs be cast against Defendant; and

(f) For such other and further relief as the Court shall deem just and appropriate.

This 21st day of April, 2022.

                                            **CASH, KRUGLER & FREDERICKS, LLC**

                                            /s/ Lisa E. McNary
                                            ALWYN R. FREDERICKS
                                            Georgia Bar Number 275092
                                            LISA E. MCNARY
                                            Georgia Bar Number 456926

5447 Roswell Road, NE
Atlanta, Georgia 30342
(404) 659-1710
(404) 264-1149 fax
afredericks@ckf.law
lmcnary@ckf.law